UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LIPITOR ANTITRUST LITIGATION                                    MDL No. 2332

TRANSFER ORDER

      **Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in an action pending in the District of Massachusetts moves to centralize this litigation in that district. The motion encompasses that action and three others: two in the District of New Jersey, and one in the Eastern District of Pennsylvania, as listed on Schedule A. The Panel has been notified of more than ten additional related actions.[1]

      All responding parties support centralization, but there is disagreement as to an appropriate transferee district. Plaintiff in a District of Massachusetts potential tag-along action supports centralization in the District of Massachusetts, as do plaintiffs in a potential tag-along action pending in the Northern District of California. Plaintiff in the Eastern District of Pennsylvania constituent action supports centralization in the Eastern District of Pennsylvania (or, in the alternative, in the District of Massachusetts). Plaintiff in an Eastern District of Pennsylvania potential tag-along action also supports centralization in the Eastern District of Pennsylvania. Plaintiffs in the two District of New Jersey actions and a District of Puerto Rico potential tag-along action support centralization in the District of New Jersey. Responding defendants[2] also support centralization in the District of New Jersey.

      On the basis of the papers filed and hearing session held, we find that these four actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual issues arising from allegations that after the generic manufacturer Ranbaxy challenged one or more of the patents covering Pfizer's highly successful

---

    [*]    Judge John G. Heyburn II took no part in the decision of this matter. Panel members who could be members of the putative classes in this docket have renounced their participation in those classes and have participated in this decision. To the extent that such an interest is later determined to survive the renunciation, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*, 170 F. Supp. 2d 1356, 1357–58 (J.P.M.L. 2001).

    [1]    These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1, and 7.2.

    [2]    Pfizer Inc, Pfizer Manufacturing Ireland, and Warner-Lambert Company LLC (collectively, Pfizer) and Ranbaxy Laboratories Limited, Ranbaxy Pharmaceuticals, Inc., and Ranbaxy, Inc. (collectively, Ranbaxy).

- 2 -

Lipitor cholesterol drug, Pfizer and Ranbaxy entered into an illegal agreement to delay the entry of generic versions of Lipitor into the United States market after the expiration of patent protection for Lipitor.[3] Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification, discovery, and other pretrial issues, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of New Jersey is an appropriate transferee district for pretrial proceedings in this litigation. Two of the four constituent actions are pending in that district, and Ranbaxy's United States corporate headquarters is located there. The district is also convenient to Pfizer's principal place of business in New York. Judge Peter G. Sheridan, to whom we assign this MDL, is an experienced jurist, and we are confident that he will guide this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Peter G. Sheridan for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_Kathryn H. Vratil_ (signature)

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.         Barbara S. Jones
Paul J. Barbadoro              Marjorie O. Rendell
Charles R. Breyer

---

[3] Two of the actions (the Eastern District of Pennsylvania and District of Massachusetts actions) also involve factual issues arising from allegations that certain of the defendants fraudulently obtained one of the Lipitor patents (the '995 patent), and that by doing so, they extended patent protection for Lipitor by more than a year.

IN RE: LIPITOR ANTITRUST LITIGATION                                   MDL No. 2332

## SCHEDULE A

<u>District of Massachusetts</u>

Professional Drug Company, Inc. v. Pfizer, Inc., et al., C.A. No. 1:11-12058

<u>District of New Jersey</u>

Burlington Drug Co., Inc. v. Pfizer, Inc., et al., C.A. No. 3:11-06774
Value Drug Company v. Pfizer, Inc., et al., C.A. No. 3:11-06872

<u>Eastern District of Pennsylvania</u>

Stephen L. LaFrance Holdings, Inc., et al. v. Pfizer, Inc., et al., C.A. No. 2:11-07003